IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| DENNIS L. WOMACK, | ) | |
| | ) | Case No. 4:05CV00058 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CITIFINANCIAL MORTGAGE, | ) | |
| COMPANY, INC., | ) | By: Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

Before me now is Defendant CitiFinancial Mortgage Company, Inc.'s ("Defendant") Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Plaintiff Dennis L. Womack's ("Plaintiff") Complaint. The parties have briefed the issues and the motion is ripe for decision. For the reasons stated herein, Defendant's Motion to Dismiss will be **GRANTED** and the case will be dismissed with prejudice.

## I. STANDARD OF REVIEW

Dismissal of a complaint under Fed. R. Civ. P. 12(b)(6) is limited to "the extraordinary case where the pleader makes allegations that show on the face of the complaint some insuperable bar to relief." *Browning v. Vecellio & Grogan, Inc.*, 945 F. Supp. 930, 931 (W.D.Va. 1996) (citation omitted). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *See also*, *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a

1

12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs*., 7 F.3d at 1134.

## II. STATEMENT OF THE FACTS

In the light most favorable to Plaintiff, his three-count Amended Complaint alleges a dispute over Plaintiff's "deposit" of $47,475.10 to Defendant in return for the sale of a "promissory note" of the same amount. (Amended Complaint, Count I ¶ 3, Count III ¶ 3). Count I of the Amended Complaint attempts to set forth a claim of damages resulting from the breach of an unwritten contract for "money lent." Count II purports to allege damages resulting from the breach of a written contract. Finally, Count III apparently attempts to state a claim for violations of the Truth in Lending Act (TILA). Beyond the bare allegations of the Amended Complaint, Plaintiff set forth only the general facts that Defendant "failed or refused to disclose a material fact...[that Defendant] risked none of its assets in the exchange" and that Defendant "failed to provide the original, unaltered, unmarked promissory note." (*Id*., Count III ¶¶ 5, 8).

## III. PROCEDURAL HISTORY

Plaintiff originally brought this case in Halifax County Circuit Court on September 23, 2005. Defendant removed the case to this Court on October 19, 2005 and filed its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on October 26, 2005. A *Roseboro* notice was sent to Plaintiff advising him of his rights and obligations regarding Defendant's Motion to Dismiss on November 28, 2005 but Plaintiff did not file a responsive brief. A hearing on Defendant's Motion to Dismiss was held before this Court on December 19, 2005. After the hearing, this Court issued an Order which stated that Plaintiff had failed to state a claim upon which relief could be granted but granted Plaintiff 20 days to file an Amended Complaint.

2

On January 9, 2006 Plaintiff filed an Amended Complaint.  Counts I and II of Plaintiff's Amended Complaint are identical to Counts I and II in his original Complaint.  The first seven paragraphs of Count III are also identical to the original Complaint, but Plaintiff also alleged six additional paragraphs relating to Count III.  Defendant filed a 12(b)(6) Motion to Dismiss the Amended Complaint on January 27, 2006.  On the same day, another *Roseboro* notice was sent to Plaintiff and Plaintiff filed a "Counter Affidavit" on February 13, 2006.  Defendant filed a Reply Brief on February 14, 2006.  A hearing on Defendant's latest Motion to Dismiss was not requested by either party.

## IV.     DISCUSSION

In my December 19, 2005 Order, I specifically found that Plaintiff had failed to state a claim upon which relief could be granted under Rule 12(b)(6).  For the reasons that follow, I find that Plaintiff's Amended Complaint also fails under Rule 12(b)(6) and, as such, Defendant's Motion to Dismiss must be **GRANTED**.

Even given the generous requirements afforded to the non-moving party in a motion to dismiss and the lenity that courts must grant to parties who act *pro se*, there is no fair reading of Plaintiff's Amended Complaint that supports denying Defendant's Motion to Dismiss.  As stated above, Counts I and II of Plaintiff's original and amended complaints are identical in every respect.  It is thus nearly impossible to find that Counts I and II in the Amended Complaint can survive where Counts I and II of the original Complaint failed.  There is simply no evidence set forth in these counts that allege a legal duty or a breach of any duty between Plaintiff and Defendant.  The only new evidence submitted by Plaintiff that I can even consider are Paragraphs 8-13 in Count III of the Amended Complaint and Plaintiff's Counter Affidavit

submitted in response to Defendant's latest Motion to Dismiss.  Neither of these pieces of evidence submitted by Plaintiff are availing to his cause.  The Counter Affidavit is actually just a 232-page S-3 Registration Statement filed with the Securities and Exchange Commission by CitiFinancial Mortgage Securities, Inc.  Not only is this Registration Statement irrelevant to the issues before this Court, but CitiFinancial Mortgage Securities, Inc. is a separate and distinct entity from the Defendant in this case, CitiFinancial Mortgage Company, Inc.  Similarly, Paragraphs 9-13 in Count III are general statements which either define "general accepted accounting principles," "lawful money," "legal tender," and "money" (¶¶ 9, 11, 12, and 13), or differentiate between "money of account" and "money of exchange" (¶ 10).  Paragraph 8, as stated above, simply states that Defendant "failed to provide the original, unaltered, unmarked promissory note."  None of these new additions to the Amended Complaint have any relation to Defendant's Motion to Dismiss.

  Count III of Plaintiff's Amended Complaint likewise remains fatally flawed.  Defendant argues that Plaintiff's TILA claim for failure to disclose material facts in Count III is time-barred by TILA's statute of limitations as set forth in 15 U.S.C. §§ 1635 and 1640.  Section 1635(f) provides a three-year limitations period for plaintiffs who seek the remedy of rescission. ("An obligor's right of rescission shall expire three years after the date of consummation of the transaction." *Id*.).  Section 1640(e), meanwhile, provides that plaintiffs who seek statutory and actual damages for a failure to disclose material facts must bring suit "within one year from the date of the occurrence of the violation."  In this case, Plaintiff alleges that the date of transaction at issue occurred on November 24, 1998.  Thus, under either statute of limitations period, Plaintiff's TILA claim is time-barred.  The new evidence supplied by Plaintiff discussed above

4

fail to show that Count III is not time barred. Therefore, Count III also fails to state a claim upon which relief can be granted under Rule 12(b)(6).

**V.** **CONCLUSION**

For the reasons stated above, Defendant's Motion to Dismiss Plaintiff's Complaint will be **GRANTED** and the case will be **DISMISSED** with prejudice.

The Clerk is directed to send a certified copy of this Memorandum Opinion and the attached Order to all counsel of record.

ENTERED this 28th day of February, 2006.

s/Jackson L. Kiser
Senior United States District Judge
